UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin Hall

    v.                                                Civil No. 08-cv-485-JL

Douglas Ross

**REPORT AND RECOMMENDATION**

Before the Court is Kevin Hall's damages action (document no. 1), alleging that defendant violated his rights by acting to deprive Hall of his interest in his late mother's estate. As Hall is a prisoner, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.

See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On March 4, 2007, Hall's mother, Aldona Ross, died suddenly while Hall was incarcerated. Before Hall was even aware that his mother was dead, his stepfather, Douglas Ross, presented himself to the Cheshire County Probate Court as an individual with an interest in Aldona Ross' estate, and declared himself to be the

administrator of the estate.  Hall claims that Mr. Ross falsified documents to the probate court which resulted in the misleading impression that Hall's mother's estate was much smaller than it actually was, thus diminishing Hall's rightful share of her estate.  Hall now claims that defendant engaged in these and other actions to illegally and fraudulently deprive Hall of an interest in his mother's estate to which he is entitled.

## Discussion

### I. 42 U.S.C. § 1983

The United States Constitution "erects no shield against merely private conduct, however discriminatory or wrongful." Blum v. Yarketsky, 457 U.S. 991, 1002 (1981).  A plaintiff claiming infringement of a constitutional right by an individual defendant must establish that (i) the defendant deprived plaintiff of a right secured by the Constitution or laws of the United States, and (ii) the defendant acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia."  42 U.S.C. § 1983.  In relation to the second requirement, a private actor can be held to be a state actor under only three circumstances: "(i) where there is a sufficiently close nexus between the state and the

challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (ii) where the private party has exercised powers that are 'traditionally the exclusive prerogative of the state,' or (iii) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert that the action of the private party must in law be deemed to be that of the state." Lewis v. Law-Yone, 813 F. Supp. 1247, 1254 (N.D. Tex. 1993) (quoting Blum, 457 U.S. at 1004); see also Jackson v. Metro. Edison Co., 419 U.S. 345, 357 (1974).

 Hall alleges a deprivation of property without an adequate opportunity to be heard.  To the extent he attempts to raise a federal civil rights claim, pursuant to 42 U.S.C. § 1983 and this Court's federal question jurisdiction, see 28 U.S.C. § 1331, such a claim would arise under the Fourteenth Amendment to the United States Constitution.  Hall has not stated any facts to allow me to infer that Mr. Ross was, at any time he is alleged to have violated Hall's constitutional rights, acting under color of state law or could otherwise be considered to be a state actor. Accordingly, the federal constitution does not protect Hall from

his actions.  I recommend therefore that the federal constitutional claims in this action be dismissed on that basis.

II.  State Law Claims

By alleging that he is a citizen of the State of New York and that his damages exceed $75,000, I presume that Hall is attempting to bring state law claims here, pursuant to the diversity jurisdiction of this Court.  See 28 U.S.C. § 1332 (establishing the jurisdiction of the federal district courts over actions based on state law where the parties are of diverse citizenship and the amount in controversy exceeds $75,000).  Hall alleges that defendant is a citizen of New Hampshire, while he is a citizen of New York, and that the amount in controversy exceeds $75,000.

Hall alleges that he is a citizen of New York by virtue of his present incarceration in a New York prison. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." Smith v. Cummings, 445 F.3d 1254, 1259 (10th Cir. 2006) (citing Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). "Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently

incarcerated in another state." Smith, 445 F.3d at 1260.  Here, the record suggests that Hall was a citizen of New Hampshire prior to his incarceration in New York, therefore, he is presumed to be a citizen of New Hampshire for purposes of establishing domicile.  "The presumption, however, is rebuttable." Id.  If, for example, a prisoner intends to live in another state upon release and is assigned to a prison in that state, his domicile may become that state.  See id.  Factors to be considered in determining domicile include the prisoner's declaration of his intentions and the manner in which he has ordered his personal and business transactions and any other factors that are relevant to the corroboration of his statements.  Id.  Hall has neither alleged that he intends to live in New York after he is released nor identified any factors indicating or supporting such an intent.  Consequently, he is presumed to be a resident of New Hampshire, the state in which he was incarcerated before the New Hampshire Department of Corrections occasioned his transfer to New York.

   As the parties in this action are both New Hampshire residents, they are nondiverse.  Hall has therefore failed to plead diversity jurisdiction under 28 U.S.C. § 1332, and I

recommend that any state law claim he intended to bring, relying on the existence of diversity jurisdiction, be dismissed.

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety, as Hall has failed to state any claim upon which relief might be granted.  See LR 4.3(d)(2)(A).  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

James R. Muirhead
United States Magistrate Judge

Date:    April 24, 2009

cc:      Kevin Hall, pro se